# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | § <br> § <br> § CASE NUMBER 1:11-CR-00095-MAC <br> § <br> § <br> § <br> § <br> § |
| **v.** | |
| **BERNARD VERTRAL JACKSON** | |

## REPORT AND RECOMMENDATION ON FIRST AMENDED PETITION FOR WARRANT FOR OFFENDER UNDER SUPERVISION

Pending is a "First Amended Petition for Warrant or Summons for Offender Under Supervision" filed January 2, 2019, alleging that the Defendant, Bernard Vertral Jackson, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. TEX. CRIM. R. CR-59.

### I. The Original Conviction and Sentence

Bernard Vertral Jackson was sentenced on June 20, 2012, before The Honorable Marcia A. Crone, of the Eastern District of Texas, after pleading guilty to the offense of Failure to Update Sex Offender Registration, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 13 and a criminal history category of IV, was 24 to 30 months. Bernard Vertral Jackson was subsequently sentenced to 24 months' imprisonment followed by a 5 year term of supervised release subject to the standard conditions of release, plus special conditions to include drug and mental health aftercare, sec offender treatment and testing, no child contact under the age of 18,

no pornography, employment restrictions, travel restrictions, community restrictions, computer restrictions, and a $100 special assessment.

## II. The Period of Supervision

On January 3, 2014, Bernard Vertral Jackson completed his period of imprisonment and began service of the supervision term.

On April 24, 2017, the term of supervised release was revoked, and Bernard Vertral Jackson was sentenced to 12 months' imprisonment followed by 5 years supervised release, subject to the updated mandatory and standard conditions of supervised release, plus the same special conditions.

On July 26, 2018, the court granted a request to modify his conditions of supervision, and a special condition was added for Jackson to reside in a residential reentry center, in a community corrections component, for a period of 180 days or until a residence was secured and approved by the probation officer.

On August 6, 2018, Jackson completed his period of imprisonment and began service of the instant supervision term.

## III. The Petition

United States Probation filed the First Amended Petition for Warrant for Offender Under Supervision raising four allegations. The petition alleges that Bernard Vertral Jackson violated the following conditions of release:

> Allegation 1. The defendant shall report to the probation officer in the federal judicial district where he resides within 72 hours of his release from imprisonment, unless the probation officer instructs him to report to a different probation office or within a different time frame.
>
> Allegation 2. The Defendant shall reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days or until a residence has been secured and approved by the probation officer. The Defendant

shall abide by the rules and regulations of the center and pay subsistence according to the U.S. Bureau of Prisons' guidelines.

<u>Allegation 3.</u> The Defendant shall not commit another federal, state, or local crime.

<u>Allegation 4.</u> The Defendant must not knowingly leave the federal judicial district where he is authorized to reside without first getting permission from the court or the probation officer.

### IV. Proceedings

On January 3, 2019, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation. The Defendant agreed to plead "true" to the first allegation that claimed he failed to report to the probation office upon release from imprisonment. In return, the parties agreed that he should serve a term of 16 months' imprisonment, which shall include 6 months of unserved community confinement, with five years of supervised release to follow.

### V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release,

except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class C felony, therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to report to the probation office upon release from imprisonment, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of IV, the policy statement imprisonment range is 6 to 12 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Price*, 519 F. App'x 560, 562 (11th Cir. 2013).

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4 and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment.

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The authorized term of supervised release for this offense is not less than 5 years.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

### VI. Application

The Defendant pled "true" to the petition's allegation that he violated a standard condition of release that he failed to report to the probation office upon release from imprisonment. Based upon the Defendant's plea of "true" to this allegation of the First Amended Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade C violation, and the criminal history category is IV. The policy statement range in the Guidelines Manual is 6 to 12 months. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision. In addition, he has a history of absconding from supervision and failing to comply with terms of supervised release as shown by his previous revocation in this case.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 16 months (which includes 6 months of unserved community confinement converted to an equivalent term of imprisonment), with five years of term of supervised release to follow.

## VII. Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a standard condition of release by failing to report to the probation office upon release from imprisonment. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of 16 months' imprisonment (which includes 6 months of unserved community confinement converted to an equivalent term of imprisonment), with five years of term of supervised release to follow. The Defendant requested to serve his prison term at the Federal Correctional Institution in Seagoville, Texas. The Defendant's request should be accommodated, if possible.

In addition to the mandatory and standard conditions of supervised release, the same special conditions previously imposed by Judge Crone shall be imposed, including: financial disclosure; drug aftercare; mental health aftercare; sex offender treatment program; no contact with children under the age of 18 unless supervised by an adult approved by the probation officer; employment restrictions, travel restrictions, community restrictions, and no pornography. The rationale for these special conditions is contained in the Defendant's Presentence Investigation Report, including monitoring his finances for fees and restitution, his history of substance abuse, his history of mental health, his history of absconding from supervision, and the nature of his criminal history.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable). The Defendant also waived his

right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence. Therefore, the court may act on this report and recommendation immediately.

SIGNED this 7th day of January, 2019.

_____
Zack Hawthorn
United States Magistrate Judge